# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX DGC<br><br>**CASE MANAGEMENT ORDER NO. 30** |

The Court held a fourteenth case management conference on January 19, 2018. The conference occurred after oral argument on various expert motions and addressed ongoing matters identified in the parties' joint report. Doc. 9645.

**A.  Motion Hearings.**

The Court heard oral argument on motions relating to experts Muehrcke, Hurst, Eisenberg, and Betensky. The parties and the Court agreed that oral argument is not needed on motions related to experts McMeeking, Morris, Grassi, Garcia/Streiff, criminal law standards, and Ritchie. The Court will rule on these motions during the month of February. The Court will also rule on the motion in limine recently filed by Plaintiffs on the use of FDA-related evidence at trial.

**B.  Other Matters.**

Plaintiffs may use up to five pages for a motion in limine on the issue of non-parties at fault. Defendants may file a five-page response.

Defendants may file a motion in limine of up to ten pages on when evidence regarding the Recovery filter may be introduced. Plaintiffs may file a ten-page response, and Defendants may file a five-page reply, if needed.

The parties will confer about bifurcating the Booker trial under Georgia law. If such bifurcation occurs, evidence regarding Defendants' net worth, as possibly relevant to the issue of punitive damages, will be postponed until after the jury rules on whether punitive damages should be awarded. If the punitive damages phase is needed, the parties agreed that it will be short and will occur immediately after the jury's general verdict. The Court reminded the parties that any time devoted to this punitive damages portion of the trial must be counted against the hours allotted to each side in Case Management No. 29.

Plaintiffs requested permission to conduct limited punitive damages discovery. The Court concludes that the parties should confer to see if they can agree on an exchange of information, in admissible form, that will eliminate the need for additional discovery. If the parties are unable to reach agreement, Plaintiffs may take one deposition under Rule 30(b)(6) for up to two hours. The deposition will be completed before the final pretrial conference on March 2, 2018.

The final pretrial conference will begin at 10:00 a.m. on March 2, 2018. The Court will reserve the balance of the day to address any and all pretrial matters.

The parties asked that the Court rule on the Jones summary judgment motion as soon as possible, but agreed that the expert motions and the motions in limine to be filed on January 26, 2018, take priority. The Court will use its best effort to rule on the Jones motion before the end of February.

The parties and the Court did not set another status conference. If issues arise that require the Court's attention, the parties should place a joint telephone call to the Court so that such a conference can be scheduled. The next scheduled hearing in this case will be the final pretrial conference.

Dated this 23rd day of January, 2018.

_____
David G. Campbell
United States District Judge

- 2 -