**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| IN RE: Bard IVC Filters Products Liability Litigation, | No. MDL 15-02641-PHX-DGC |
| _____ | |
| Sherr-Una Booker, an individual, | No. CV-16-00474-PHX-DGC |
| Plaintiff, | |
| v. | **ORDER** |
| C. R. Bard, Inc., a New Jersey corporation; and Bard Peripheral Vascular, Inc., an Arizona corporation, | |
| Defendants. | |

In the parties' proposed pretrial order, Defendants objected to Plaintiffs' use at trial of the depositions of three defense expert witnesses, Drs. Moritz, Rogers, and Stein, who originally were retained by Defendants but have since been withdrawn. Doc. 10255 at 2. Defendants assert that the depositions constitute hearsay and are not admissible as admissions of a party-opponent. *Id.* (citing Fed. R. Evid. 801(d)(2)(C); *Glendale Fed. Bank, FSB v. United States*, 39 Fed. Cl. 422, 425 (1997); *In re Hanford Nuclear Res. Litig.*, 534 F.3d 986, 1016 (9th Cir. 2008)). Plaintiffs counter that once a party has offered opinions through deposition or expert reports, those opinions do not belong to that party alone, but rather are available for all parties to use at trial. *Id.* at 26 (citing *NetAirus Techs., LLC v. Apple, Inc.*, No. LA CV10-03257 JAK, 2013 WL 9570686, at *3

1 (C.D. Cal. Nov. 11, 2013)).

2 At the final pretrial conference, the Court directed the parties to file memoranda addressing the issue of whether the depositions are admissible under Federal Rule of Civil Procedure 32(a)(4) and Federal Rule of Evidence 804(b)(1). *See* Doc. 10323 at 3. The parties have now done so. Docs. 10343, 10345.

Plaintiffs contend that depositions of the withdrawn experts are admissible because a party may use "for any purpose" the depositions of unavailable witnesses under Rule 32(a)(4), and the depositions fall within the "former testimony" exception to the hearsay rule set forth in Rule 804(b)(1). *Id*. at 1-2 (citing *Tatman v. Collins*, 938 F.2d 509, 511 (4th Cir. 1991)). Defendants acknowledge that several courts have held that a withdrawn expert's deposition may be used at trial under Rule 32(a)(4). Doc. 10343 at 2-3. Defendants assert that the depositions nonetheless should be excluded under Rule 804 unless Plaintiffs have used reasonable but unsuccessful means to procure live testimony from the experts, and unless Defendants had a "similar motive" to develop the testimony during the deposition. *Id.* at 2. But Defendants do not dispute that the withdrawn experts are unavailable for purposes of Rule 804(a)(5) and that any attempt by Plaintiffs to subpoena them would be futile. Nor do Defendants explain why they did not have a similar motive to develop the experts' testimony during the depositions. Once it was clear that the experts were giving answers helpful to Plaintiffs, Defendants had sufficient incentive to clarify or cross-examine on those answers. Defendants have not shown that the depositions are inadmissible on hearsay grounds.

Defendants argue that even if the depositions can be used at trial, it would be unfairly prejudicial under Rule 403 to disclose to the jury that the experts originally were retained by Defendants. Several courts have recognized "the significant potential prejudice of informing the jury that the expert presently testifying for one party was originally designated, retained, or consulted by the opposing party." *House v. Combined Ins. Co. of Am.*, 168 F.R.D. 236, 243 (N.D. Iowa 1996) (citing *Peterson v. Willie*, 81 F.3d 1033, 1037 (11th Cir. 1996) (collecting cases)); *Healy v. Counts*, 100 F.R.D. 493, 496 (D.

- 2 -

Colo. 1984); *Rubel v. Eli Lilly & Co.*, 160 F.R.D. 458, 460 (S.D.N.Y. 1996) (noting that one leading commentator "aptly has characterized the fact of the prior retention by the adversary as 'explosive'" (quoting 8 Wright, Miller & Marcus, *Federal Practice & Procedure* § 2032, at 447 (1994)). As one court explained:

> The admission of this evidence . . . would only serve to unfairly prejudice the [opposing party]. Jurors unfamiliar with the role of counsel in adversary proceedings might well assume that . . . counsel had suppressed evidence which he had an obligation to offer. Such a reaction could destroy counsel's credibility in the eyes of the jury.

*Granger v. Wisner*, 656 P.2d 1238, 1242-43 (Ariz. 1982).

Plaintiffs contend that Defendants should not be able to "hide" their experts' unfavorable opinions from the jury. Doc. 10345 at 2. But disclosing the fact that Defendants have withdrawn the experts could be unfairly prejudicial, leading the jury to speculate as to why the experts were withdrawn and, potentially, to conclude that Defendants or their counsel attempted to engage in dishonest or unethical behavior. And such information has little relevance to the substance of the experts' opinions on any claim or defense in this case. *See Granger*, 656 P.2d at 381 (finding the fact of the prior consultation irrelevant to the issue of negligence); *House*, 168 F.R.D. at 243 ("House has asserted as an argument for permitting her to offer [the expert's] testimony the assertion that [the defendant] is trying to hide [the] opinion from House and the jury. However, the court in *Peterson* recognized the prejudice that results from informing the jury that an expert had originally been consulted by the opposing party.").

The Court concludes that Plaintiffs may use portions of the experts' depositions that support Plaintiffs' case, but may not disclose to the jury, through argument or deposition excerpts, that the experts originally were retained by Defendants. The Court concludes that the probative value of such arguments or deposition excerpts would be substantially outweighed by the danger of unfair prejudice. Fed. R. Ev. 403.

The Court is also concerned about the presentation of cumulative evidence. The Court has made clear that it will not permit either side to use multiple experts at trial to

address the same issue. Thus, before the deposition of any withdrawn expert may be used at trial, "there should be some showing . . . that no other expert of similar qualifications is available or that the unavailable expert has some unique testimony to contribute." *Carter-Wallace, Inc. v. Otte*, 474 F.2d 529, 536-37 (2d Cir. 1972). If Plaintiffs make this showing for any of the withdrawn experts, the Court will allow the expert's deposition to be used at trial subject to the Rule 403 decision above and any other evidentiary objections Defendants may assert. *See* Doc. 10343 at 3. Defendants will be permitted to counter-designate other relevant portions of the deposition transcript. *See* Doc. 10255 at 25.

Dated this 9th day of March, 2018.

_____
David G. Campbell
United States District Judge

- 4 -